IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL BALANCE,

            **Plaintiff,**

        v.                                CASE NO. 25-3089-JWL

JOHNSON COUNTY, KANSAS,
BOARD OF COMMISSIONERS,
et al.,

            **Defendants.**

<u>**MEMORANDUM AND ORDER TO SHOW CAUSE**</u>

Plaintiff Michael Balance is hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

**I.  Nature of the Matter before the Court**

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983.  Although Plaintiff is currently incarcerated at the Lansing Correctional Facility in Lansing, Kansas, his claims are based on his detention at the Johnson County Adult Detention Center in Olathe, Kansas ("JCADC").  The Court granted Plaintiff leave to proceed in forma pauperis.

Plaintiff alleges that all of the Defendants were policy makers, and that they promulgated policy and supervised employees with respect to inmate classification and placement.  (Doc. 1, at 1–2, 6.)  Plaintiff alleges that the Defendants were aware that the max and super-max housing cells at the JCADC were identical to the disciplinary housing cells.  *Id*. at 7.  Plaintiff alleges that Defendants were aware that out-of-cell recreation time for inmates in max housing exceeded that of inmates in ADSeg/DisSeg by only one hour, and the out-of-cell recreation time for super-max housing only exceeded that of ADSeg/DisSeg inmates by 30 minutes.  *Id*.  Plaintiff alleges that

the max and super-max housing at the JCADC would be considered AdSeg/DisSeg "in most, if not all, pretrial detention centers in the country, and medium & minimum would be considered 'general population.'" *Id*. at 8.

Plaintiff alleges that Defendants had a practice of conducting one "sham" 30-day review to retain inmates in max and super-max housing, and then "sham" 90-day reviews thereafter. *Id*. Plaintiff alleges that the classifications were punitive in nature. *Id*. at 7. Plaintiff alleges that Defendants denied him meaningful review, completed pro forma reviews, or failed to ensure that proper reviews were taking place. *Id*. Plaintiff then references an attached affidavit for support. *Id*.

Plaintiff claims that the classification policy at the JCADC is intended to unlawfully punish people of color and "entangle them in the judicial system by coercing them to plead guilty to charged offenses." *Id*. at 8. Plaintiff alleges that the housing violates equal protection because there is only one "super-max" custody module and therefore "[i]f multiple co-defendants are classified as 'super-max', or multiple female co-defendants are classified as super-max . . . detention staff would not be able to treat those similarly situated defendants fairly in such a scenario." *Id*. at 9. Plaintiff alleges that the Defendants conspired to deprive him and others of their equal protection rights and they were "motivated by some racial, or other-wise class-based, invidious discriminatory animus." *Id*.

As Count I, Plaintiff alleges that Defendants violated his Fourteenth Amendment due process rights by placing him in "extraordinary periods of solitary confinement without sufficiently meaningful reviews of [his] confinement." *Id*. at 3. As Count II, Plaintiff alleges that Defendants violated his Fourteenth Amendment substantive due process rights by confining him under "restrictive conditions that amounted to unlawful punishment." *Id*. As Count III,

Plaintiff alleges that Defendants violated his Fourteenth Amendment right to equal protection by treating him differently than similarly situated detainees with similar or worse crimes. *Id*. at 4. As Count IV, Plaintiff alleges civil conspiracy, and as Count V he alleges intentional infliction of emotional distress. *Id*.

Plaintiff names as defendants: Johnson County, Kansas, Board of Commissioners; Johnson County Sheriff Calvin Hayden; Major (fnu) Wade, JCADC; Captain (fnu) Smith, JCADC; and Sergeant (fnu) Edwards, JCADC. Plaintiff seeks $300,000 in punitive damages and $150,000 in compensatory damages "for prolonged unlawful confinement which has caused [him] back pain, anxiety, stress, and ocular muscle atrophy." *Id*. at 5.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th

Cir. 2006).  On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S. at 555 (citations omitted).  The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face."  *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals.  *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).  As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief."  *Kay*, 500 F.3d at 1218 (citation omitted).  Under this new standard, "a plaintiff must 'nudge his claims across the

line from conceivable to plausible.'"  *Smith*, 561 F.3d at 1098 (citation omitted).  "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III.  DISCUSSION

### 1.  Statute of Limitations

Plaintiff alleges that he was formally assigned to super-max custody in January 2019, and that his assignment was based on his race.  (Doc. 1, at 10.)  Plaintiff then alleges that Defendants imposed the restrictive conditions of his housing assignment based on the nature of his current charges and past convictions, to extort guilty pleas, and to fill bed space rather than for any legitimate disciplinary or safety reason.  *Id*.  Plaintiff received his initial 30-day review that consisted of a classification officer entering his cell and advising Plaintiff that he would remain in max or high-max housing indefinitely.  *Id*. at 10–11.  Thereafter, he received a review every 90 days, which consisted of filling out a form.  *Id*. at 11 ("Officers never invited me to participate in a 90-day review during my 2 and ½ year confinement in max and super max housing nor did they advise that I had the right to appeal an unfavorable classification recommendation.").  Plaintiff was "discharged from custody on January 17, 2024."  *Id*.

Plaintiff filed the instant § 1983 action on May 7, 2025.  The statute of limitations applicable to § 1983 actions is determined from looking at the appropriate state statute of limitations and tolling principles.[1]  *See Hardin v. Straub*, 490 U.S. 536, 539 (1989).  "The forum

---

[1]  Although the Kansas Supreme Court tolled the state statutes of limitations in response to the COVID-19 pandemic, Plaintiff's claims are nevertheless untimely despite this tolling period.  *See Korgan v. Estate of Hansen*

state's statute of limitations for personal injury actions governs civil rights claims under both 42

U.S.C. § 1981 and § 1983. . . . In Kansas, that is the two-year statute of limitations in Kan. Stat.

Ann. § 60–513(a)." *Brown v. Unified Sch. Dist. 501, Topeka Pub. Sch.*, 465 F.3d 1184, 1188

(10th Cir. 2006) (citations omitted).

While state law governs the length of the limitations period and tolling issues, "the

accrual date of a § 1983 cause of action is a question of federal law." *Wallace v. Kato*, 549 U.S.

384, 388 (2007).   Under federal law, the claim accrues "when the plaintiff has a complete and

present cause of action." *Id.* (internal quotation marks and citation omitted).   In other words, "[a]

§ 1983 action accrues when facts that would support a cause of action are or should be apparent."

*Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) (internal quotation marks and citation

omitted), *cert. denied* 549 U.S. 1059 (2006).   A district court may dismiss a complaint filed by

an indigent plaintiff if it is patently clear from the allegations as tendered that the action is barred

by the statute of limitations.   *Id.* at 1258–59; *see also Jones v. Bock*, 549 U.S. 199, 214 (2007);

*Hawkins v. Lemons*, No. 09-3116-SAC, 2009 WL 2475130, at *2 (D. Kan. Aug. 12, 2009).

It plainly appears from the face of the Complaint that Plaintiff's claims are subject to

dismissal as barred by the applicable two-year statute of limitations.   Plaintiff's alleged

violations occurred around January to March of 2019.   It thus appears that any events or acts of

Defendants taken in connection with Plaintiff's claims took place more than two years prior to

the filing of Plaintiff's Complaint and are time-barred.   *See Fratus v. Deland*, 49 F.3d 673, 674–

75 (10th Cir. 1995) (district court may consider affirmative defenses *sua sponte* when the

---

*by and through Cramer*, 2022 WL 4465074, at *2–4 (D. Kan. Sept. 26, 2022) (finding that the statute of limitations
was tolled from March 19, 2020 through April 14, 2021).   The tolling or suspension is set forth in Kansas Supreme
Court Administrative Order 2020-PR-016, as amended by Kansas Supreme Court Administrative Order 2020-PR-
32.   The AO reinstated the statute of limitations effective April 15, 2021.

defense is obvious from the face of the complaint and no further factual record is required to be developed).

Plaintiff's housing assignment and the restrictions associated with that classification, as well as the 30 and 90-day review procedures, should have been apparent to Plaintiff around January to April of 2019. Because "the injury in a § 1983 case is the violation of a constitutional right . . ., such claims accrue 'when the plaintiff knows or should know that his or her constitutional rights have been violated.'" *Smith v. City of Enid*, 149 F.3d 1151, 1154 (10th Cir. 1998) (citations omitted); *see also Romero v. Lander*, 461 F. App'x 661, 667 (10th Cir. 2012) (unpublished) (noting that all the constitutional claims asserted by plaintiff relate to his classification and the requirements associated with that classification, he knew of these injuries at the time he was classified, and "his constitutional claims based on those injuries accrued at that time").

Any argument that a plaintiff "lacked knowledge of the future impact of his classification," ignores Tenth Circuit precedent holding that "[a] plaintiff need *not* know the *full extent* of his injuries before the statute of limitations begins to run." *Romero*, 461 F. App'x at 669 (quoting *Indus. Constructors Corp. v. United States Bureau of Reclamation*, 15 F.3d 963, 969 (10th Cir. 1994) (emphasis added)). "[O]nce a plaintiff knows of his injury, his 'belie[f] [that] the injury was only temporary is irrelevant' to the determination of when his claim accrued." *Id*. (quoting *Robbins v. United States*, 624 F.2d 971, 973 (10th Cir. 1980)). Furthermore, the continuing violation doctrine "cannot be employed where the plaintiff's injury is definite and discoverable, and nothing prevented the plaintiff from coming forward to seek redress." *Kelly v. Schnurr*, 2024 WL 4235123, at *2 (10th Cir. 2024) (unpublished) (citation omitted).

7

"While the statute of limitations is an affirmative defense, when the dates given in the complaint make clear that the right sued upon has been extinguished, the plaintiff has the burden of establishing a factual basis for tolling the statute." *Cash v. City of Durant*, 2024 WL 1573947, at *3 (10th Cir. 2024) (unpublished) (citing *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980)). Plaintiff has not alleged facts suggesting that he would be entitled to statutory or equitable tolling. Plaintiff should show good cause why his claims are not barred by the statute of limitations.

### 2. Failure to State a Claim

Even if Plaintiff's claims are not barred by the statute of limitations, he fails to state a valid claim for relief.

### A. Punishment

"[T]he Fourteenth Amendment 'prohibits *any* punishment' of a pretrial detainee without due process." *Hubbard v. Nestor*, 830 F. App'x 574, 583 (10th Cir. 2020) (unpublished) (citing *Blackmon v. Sutton*, 734 F.3d 1237, 1241 (10th Cir. 2013); *see also Bell v. Wolfish*, 441 U.S. 520, 535–37 (1979) (holding that the government may subject a pretrial detainee to restrictions and conditions of confinement without triggering procedural due process protection so long as such measures don't amount to punishment)). "[A] showing of an expressed intent to punish on the part of detention facility officials"—standing alone—is sufficient to demonstrate "the disability is imposed for the purpose of punishment." *Id.* (citing *see Bell*, 441 U.S. at 538; *see also Blackmon*, 734 F.3d at 1241).

The Government has "legitimate interests that stem from its need to manage the facility in which the individual is detained." *Bell*, 441 U.S. at 540. "Restraints that are reasonably related to the institution's interest in maintaining jail security do not, without more, constitute

unconstitutional punishment, even if they are discomforting and are restrictions that the detainee would not have experienced had he been released while awaiting trial." *Id*. "[I]n addition to ensuring the detainees' presence at trial, the effective management of the detention facility once the individual is confined is a valid objective that may justify imposition of conditions and restrictions of pretrial detention and dispel any inference that such restrictions are intended as punishment." *Id*. The Supreme Court has warned that these decisions "are peculiarly within the province and professional expertise of corrections officials, and, in the absence of substantial evidence in the record to indicate that the officials have exaggerated their response to these considerations, courts should ordinarily defer to their expert judgment in such matters." *Id*. at 540, n.23 (citations omitted).

"The transfer or housing of a pretrial detainee 'to less amenable and more restrictive quarters for nonpunitive reasons' does not constitute punishment in violation of the Due Process Clause." *Phillips v. United States*, 2022 WL 705335, at *3 (D. Kan. 2022) (citation omitted). "Placement of a pretrial detainee for managerial purposes, and not for punishment, does not trigger a due process requirement." *Id*. (citation omitted). Plaintiff has failed to allege that the restrictions are not reasonably related to the institution's interest in maintaining jail security and management. Plaintiff should show good cause why his claim should not be dismissed for failure to state a claim.

### B. Equal Protection

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr*., 473 U.S. 432, 439 (1985) (citation omitted). Plaintiff alleges

that Defendants violated his Fourteenth Amendment right to equal protection by treating him differently than similarly situated detainees with similar or worse crimes. To proceed upon an equal protection claim as a "class-of-one plaintiff," there must be allegations that others similarly situated in every material respect were intentionally treated differently and that the government's action was irrational and abusive. *Haik v. Salt Lake City Corp.*, 567 F. App'x 621, 631–32 (10th Cir. 2014); *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1216 (10th Cir. 2011). Plaintiff has failed to allege that other inmates were similarly situated in every material respect. *See Barney v. Pulsipher*, 143 F.3d 1299, 1312 (10th Cir. 1998) ("In order to assert a viable equal protection claim, plaintiffs must first make a threshold showing that they were treated differently from others who were similarly situated to them.") (citation omitted). Plaintiff should show good cause why his equal protection claim should not be dismissed.

### C. Conspiracy

Plaintiff alleges a "civil conspiracy" as Count IV, without explanation. (Doc. 1, at 4.) Plaintiff fails to allege a conspiracy or to assert factual allegations in support of a conspiracy claim. To state a claim for conspiracy, a plaintiff must include in his complaint enough factual allegations to suggest that an agreement was made. *Gee v. Pacheco*, 627 F.3d 1178, 1183 (10th Cir. 2010). A bare assertion of conspiracy, absent context implying a meeting of the minds, fails to raise a right to relief above the speculative level. *Id.* Here, Plaintiff provides no factual information whatsoever to demonstrate any type of agreement was made between anyone. Plaintiff should show good cause why his conspiracy claim should not be dismissed for failure to state a claim.

### D. Intentional Infliction of Emotional Distress

It is well-settled that state law violations are not grounds for relief under § 1983. "[A]

10

violation of state law alone does not give rise to a federal cause of action under § 1983." *Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994) (citation omitted). This Court is not obliged to exercise supplemental jurisdiction over any state law claims, even if valid, given that Plaintiff's federal constitutional claims are subject to dismissal. *See* 28 U.S.C. § 1367(c)(3).

### 3. Johnson County Board of Commissioners

Plaintiff has named the Johnson County Board of Commissioners as a defendant. "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Wright v. City of Ponca City*, 2023 WL 5765848, at *7 (10th Cir. Sept. 7, 2023) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *see also id.* at 691 ("[A] municipality cannot be held liable under § 1983 on a respondeat superior theory.")). Instead, "the government as an entity" can only be held liable "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Id.* (quoting *Monell*, 436 U.S. at 694). To establish municipal liability a plaintiff must demonstrate the existence of a "municipal policy or custom." *Id.* (quoting *Bryson v. City of Okla. City*, 627 F.3d 784, 788 (10th Cir. 2010)). Then the "plaintiff must demonstrate 'a direct causal link between the policy or custom and the injury alleged.'" *Id.* at n.9 (citing *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1284 (10th Cir. 2019) (quoting *Bryson*, 627 F.3d at 788)).

"[T]he Supreme Court has held that in 'limited circumstances,' a failure to train can be the basis for liability under § 1983." *Horocofsky*, 2022 WL 1421554, at *29 (citing *City of Canton v. Harris*, 489 U.S. 378, 387 (1989)). Only when a municipality's failure to train employees evidences a " 'deliberate indifference' to the rights of inhabitants" can a failure to train be considered "a city 'policy or custom' that is actionable under § 1983." *Id.* (quoting

*Canton*, 489 U.S. at 389).  To show deliberate indifference, a plaintiff must show that the municipality had "actual or constructive notice that its action or failure to act is substantially certain to result in a constitutional violation," and a conscious or deliberate choice to disregard the harm. *Id.* (citation omitted).

However, this Court has recently held that a board of county commissioners is not a proper party to a suit based upon allegations of misconduct by jail deputies.  *See Ponce v. Sedgwick Cty. Sheriff's Office*, 2025 WL 958256, at *7–8 (D. Kan. March 31, 2025) (finding that Kansas statutes give sheriffs, not county commissions, the authority to hire, train, and supervise deputies and operate a jail).

### 4.  Request for Relief

Plaintiff seeks $300,000 in punitive damages and $150,000 in compensatory damages "for prolonged unlawful confinement which has caused [him] back pain, anxiety, stress, and ocular muscle atrophy." (Doc. 1, at 5.)  Failure to allege a physical injury prohibits compensatory damages under 42 U.S.C. § 1997e(e).  Section 1997e(e) provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)."  42 U.S.C. § 1997e(e).

"The plain language of the statute does not permit alteration of its clear damages restrictions on the basis of the underlying rights being asserted."  *Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir. 2001).  "The statute limits the remedies available, regardless of the rights asserted, if the only injuries are mental or emotional."  *Id.* (citing *Robinson v. Page,* 170 F.3d 747, 748 (7th Cir.1999)).  *See Livingston v. Unified Gov't of Wyandotte Cty.*, 2023 WL 4560901, at *6 (D. Kan. July 17, 2023) ("The mere fact of detention is not a physical injury.").

Plaintiff is also seeking punitive damages, which "are available only for conduct which is 'shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.'" *Searles*, 251 F.3d at 879 (quoting *Smith v. Wade*, 461 U.S. 30, 56 (1983)).   Plaintiff presents no plausible basis for a claim of punitive damages because he alleges no facts whatsoever establishing that any defendant acted with a sufficiently culpable state of mind.   Plaintiff's request for punitive damages is subject to dismissal.

Any request for injunctive relief would be moot, because Plaintiff is no longer confined at the JCADC.   "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief."   *O'Shea v. Littleton*, 414 U.S. 488, 495 1974).   The Tenth Circuit has applied this principle to § 1983 actions brought by inmates, and held that an inmate's transfer from one prison to another generally renders moot any request for injunctive relief against the employees of the original prison concerning the conditions of confinement.   *See Green v. Branson*, 108 F.3d 1296, 1299–1300 (10th Cir. 1997); *see also Wirsching v. Colorado*, 360 F.3d 1191, 1196 (10th Cir. 2004) (inmate's release from prison moots his claims for declaratory and injunctive relief); *McAlpine v. Thompson*, 187 F.3d 1213, 1215 (10th Cir. 1999) (recognizing prisoner's release from prison mooted his § 1983 claim for injunctive relief); *Love v. Summit County*, 776 F.2d 908, 910 n.4 (10th Cir. 1985) (noting transfer of inmate to different prison renders his § 1983 claim for injunctive relief moot).

The mootness doctrine is based on the reality that even if the inmate receives injunctive relief, the defendants from the former prison would be unable to provide the relief to the plaintiff.   Because Plaintiff is no longer in custody at the JCADC, any claim for injunctive relief would be moot.

### IV.  Motion for Summary Judgment

Plaintiff has filed a Motion for Summary Judgment (Doc. 3), arguing that there are no disputed issues of fact in this case.  The Defendants have not been served in this case.  This case has not passed screening and is subject to dismissal.  Plaintiff's motion seeking summary judgment is premature and therefore denied.

### V.  Response Required

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein.  Failure to respond by the deadline may result in dismissal of this matter without further notice.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **July 2, 2025,** in which to show good cause, in writing to the undersigned, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. 3) is **denied**.

**IT IS SO ORDERED**.

Dated June 2, 2025, in Kansas City, Kansas.

S/  John W. Lungstrum
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**

14