IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL BALANCE,

      **Plaintiff,**

      v.                                                                                                                           **CASE NO. 25-3089-JWL**

**JOHNSON COUNTY, KANSAS,
BOARD OF COMMISSIONERS,
et al.,**

      **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Although Plaintiff is currently incarcerated at the Lansing Correctional Facility in Lansing, Kansas, his claims are based on his detention at the Johnson County Adult Detention Center in Olathe, Kansas ("JCADC"). The Court granted Plaintiff leave to proceed in forma pauperis. On June 2, 2025, the Court entered a Memorandum and Order to Show Cause (Doc. 5) ("MOSC") ordering Plaintiff to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. This matter is before the Court on Plaintiff's response (Doc. 8).

Plaintiff's factual allegations are set forth in detail in the MOSC. In summary, Plaintiff's allegations are based on his housing conditions at the JCADC. Plaintiff alleges that the Defendants were aware that the max and super-max housing cells at the JCADC were identical to the disciplinary housing cells. (Doc. 1, at 7.) Plaintiff alleges that Defendants had a practice of conducting one "sham" 30-day review to retain inmates in max and super-max housing, and then "sham" 90-day reviews thereafter. *Id*. at 8. Plaintiff alleges that the classifications were punitive in nature. *Id*. at 7.

Plaintiff names as defendants: Johnson County, Kansas, Board of Commissioners; Johnson County Sheriff Calvin Hayden; Major (fnu) Wade, JCADC; Captain (fnu) Smith, JCADC; and Sergeant (fnu) Edwards, JCADC. Plaintiff seeks $300,000 in punitive damages and $150,000 in compensatory damages "for prolonged unlawful confinement which has caused [him] back pain, anxiety, stress, and ocular muscle atrophy." *Id*. at 5.

## II. DISCUSSION

The Court found in the MOSC that it plainly appears from the face of the Complaint that Plaintiff's claims are subject to dismissal as barred by the applicable two-year statute of limitations. Plaintiff alleges that he was formally assigned to super-max custody in January 2019, and that his assignment was based on his race. (Doc. 1, at 10.) Plaintiff then alleges that Defendants imposed the restrictive conditions of his housing assignment based on the nature of his current charges and past convictions, to extort guilty pleas, and to fill bed space rather than for any legitimate disciplinary or safety reason. *Id*. Plaintiff received his initial 30-day review that consisted of a classification officer entering his cell and advising Plaintiff that he would remain in max or high-max housing indefinitely. *Id*. at 10–11. Thereafter, he received a review every 90 days, which consisted of filling out a form. *Id*. at 11 ("Officers never invited me to participate in a 90-day review during my 2 and ½ year confinement in max and super max housing nor did they advise that I had the right to appeal an unfavorable classification recommendation."). Plaintiff was "discharged from custody on January 17, 2024." *Id*.

Plaintiff filed the instant § 1983 action on May 7, 2025. The statute of limitations applicable to § 1983 actions is determined from looking at the appropriate state statute of limitations and tolling principles.[1] *See Hardin v. Straub*, 490 U.S. 536, 539 (1989). "The forum

---

[1] Although the Kansas Supreme Court tolled the state statutes of limitations in response to the COVID-19 pandemic, Plaintiff's claims are nevertheless untimely despite this tolling period. *See Korgan v. Estate of Hansen by and through*

2

state's statute of limitations for personal injury actions governs civil rights claims under both 42 U.S.C. § 1981 and § 1983. . . . In Kansas, that is the two-year statute of limitations in Kan. Stat. Ann. § 60–513(a)." *Brown v. Unified Sch. Dist. 501, Topeka Pub. Sch.*, 465 F.3d 1184, 1188 (10th Cir. 2006) (citations omitted).

While state law governs the length of the limitations period and tolling issues, "the accrual date of a § 1983 cause of action is a question of federal law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Under federal law, the claim accrues "when the plaintiff has a complete and present cause of action." *Id.* (internal quotation marks and citation omitted). In other words, "[a] § 1983 action accrues when facts that would support a cause of action are or should be apparent." *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) (internal quotation marks and citation omitted), *cert. denied* 549 U.S. 1059 (2006). A district court may dismiss a complaint filed by an indigent plaintiff if it is patently clear from the allegations as tendered that the action is barred by the statute of limitations. *Id*. at 1258–59; *see also Jones v. Bock*, 549 U.S. 199, 214 (2007); *Hawkins v. Lemons*, No. 09-3116-SAC, 2009 WL 2475130, at *2 (D. Kan. Aug. 12, 2009).

It plainly appears from the face of the Complaint that Plaintiff's claims are subject to dismissal as barred by the applicable two-year statute of limitations. Plaintiff's alleged violations occurred around January to March of 2019. It thus appears that any events or acts of Defendants taken in connection with Plaintiff's claims took place more than two years prior to the filing of Plaintiff's Complaint and are time-barred. *See Fratus v. Deland*, 49 F.3d 673, 674–75 (10th Cir.

---

*Cramer*, 2022 WL 4465074, at *2–4 (D. Kan. Sept. 26, 2022) (finding that the statute of limitations was tolled from March 19, 2020 through April 14, 2021). The tolling or suspension is set forth in Kansas Supreme Court Administrative Order 2020-PR-016, as amended by Kansas Supreme Court Administrative Order 2020-PR-32. The AO reinstated the statute of limitations effective April 15, 2021.

3

1995) (district court may consider affirmative defenses *sua sponte* when the defense is obvious from the face of the complaint and no further factual record is required to be developed).

Plaintiff's housing assignment and the restrictions associated with that classification, as well as the 30 and 90-day review procedures, should have been apparent to Plaintiff around January to April of 2019. Because "the injury in a § 1983 case is the violation of a constitutional right . . ., such claims accrue 'when the plaintiff knows or should know that his or her constitutional rights have been violated.'" *Smith v. City of Enid*, 149 F.3d 1151, 1154 (10th Cir. 1998) (citations omitted); *see also Romero v. Lander*, 461 F. App'x 661, 667 (10th Cir. 2012) (unpublished) (noting that all the constitutional claims asserted by plaintiff relate to his classification and the requirements associated with that classification, he knew of these injuries at the time he was classified, and "his constitutional claims based on those injuries accrued at that time").

Any argument that a plaintiff "lacked knowledge of the future impact of his classification," ignores Tenth Circuit precedent holding that "[a] plaintiff need *not* know the *full extent* of his injuries before the statute of limitations begins to run." *Romero*, 461 F. App'x at 669 (quoting *Indus. Constructors Corp. v. United States Bureau of Reclamation*, 15 F.3d 963, 969 (10th Cir. 1994) (emphasis added)). "[O]nce a plaintiff knows of his injury, his 'belie[f] [that] the injury was only temporary is irrelevant' to the determination of when his claim accrued." *Id*. (quoting *Robbins v. United States*, 624 F.2d 971, 973 (10th Cir. 1980)). Furthermore, the continuing violation doctrine "cannot be employed where the plaintiff's injury is definite and discoverable, and nothing prevented the plaintiff from coming forward to seek redress." *Kelly v. Schnurr*, 2024 WL 4235123, at *2 (10th Cir. 2024) (unpublished) (citation omitted).

"While the statute of limitations is an affirmative defense, when the dates given in the complaint make clear that the right sued upon has been extinguished, the plaintiff has the burden

of establishing a factual basis for tolling the statute." *Cash v. City of Durant*, 2024 WL 1573947, at *3 (10th Cir. 2024) (unpublished) (citing *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980)). Plaintiff has not alleged facts suggesting that he would be entitled to statutory or equitable tolling. The Court ordered Plaintiff to show good cause why his claims are not barred by the statute of limitations.

In his response, Plaintiff alleges that the statute of limitations does not apply "because of ongoing unlawful restraint and the physical injuries suffered as a result thereof . . .." (Doc. 8, at 1.) Plaintiff then claims that his injuries became worse in August 2021. *Id*. Plaintiff alleges that the 2019 dates referenced by the Court are incorrect because they are actually the dates referenced in a supporting affidavit of another person that was in custody. *Id*. However, if the dates are incorrect, they were the dates stated in Plaintiff's Complaint. Plaintiff states in his Complaint:

> In January of 2019 a classification committee comprised of Major Wade (then Captain Wade), Captain Smith and Sgt. Edwards conducted an initial classification review and formally assigned me to super-max custody rather than medium or minimum. "Classifications" stated reasons for doing so was "maintaining the safe, secure, and orderly running of the facility". . . .
> Thirty days after my initial classification, the classification committee reviewed my confinement, as they did with every inmate in max & super-max housing. . . . Classification reviews are completed every 90-days thereafter by filling out a form. . . . I was discharged from custody on January 17, 2024.

(Doc. 1, at 10–11.) Plaintiff has failed to show good cause why his claims are not barred by the applicable statute of limitations. Even if Plaintiff used the wrong dates in his Complaint, he argues in his response that his injuries became worse in August 2021—four years prior to filing his Complaint.

The Court found in the MOSC that even if Plaintiff's claims are not barred by the statute of limitations, he fails to state a valid claim for relief. Plaintiff's response indicates that he is

adding defendants, including state court judges and prosecutors, and increasing his damage request to $150,000,000 in total damages. (Doc. 8, at 1.) Plaintiff then sets forth his alleged physical injuries and arguments regarding his claim for intentional infliction of emotional distress. *Id*. at 2. Plaintiff then makes arguments regarding "unlawful seizure/false imprisonment/false arrest and/or malicious prosecution." *Id*. at 4–31. Plaintiff also argues that his state criminal prosecution lacked an impartial judge and included judicial misconduct. *Id*. at 31–39. Plaintiff concludes his response by asking the Court if the *Heck* doctrine applies and tolls the statute of limitations until after the determination of Plaintiff's criminal case. *Id*. at 44.

Plaintiff's response raises new claims that were not alleged in his Complaint. His Complaint alleges claims based on his conditions of confinement at the JCADC, and his response raises unrelated claims based his state criminal proceedings. He has not filed a motion for leave to amend his Complaint and he has not attached a proposed amended complaint. He does attach documents from his state court criminal case, including the docket from his case. (Doc. 8–1.) Plaintiff's attached docket shows entries through document 171, which was filed on August 15, 2024. *Id*. at 1. The attached docket shows that the criminal case was filed on May 3, 2021, and the warrant was executed on August 4, 2021. *Id*. at 11. The docket also reflects that a jury found Plaintiff guilty of second-degree murder on October 19, 2023, and he was sentenced on January 4, 2024. *Id*. at 3. Although Plaintiff's attached docket only shows entries through August 15, 2024, an online district court records search shows that the case is on appeal, with an order appointing appellate counsel entered on July 10, 2025. *See State v. Balance*, Case No. 21CR01333 (District Court of Johnson County, Kansas).

Therefore, even if Plaintiff sought to add these new claims, the Court would be required to abstain based on *Younger v. Harris*, 401 U.S. 37, 45 (1971). "The *Younger* doctrine requires a

6

federal court to abstain from hearing a case where . . . (1) state judicial proceedings are ongoing; (2) [that] implicate an important state interest; and (3) the state proceedings offer an adequate opportunity to litigate federal constitutional issues." *Buck v. Myers*, 244 F. App'x 193, 197 (10th Cir. 2007) (unpublished) (citing *Winnebago Tribe of Neb. v. Stovall*, 341 F.3d 1202, 1204 (10th Cir. 2003); *see also Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). "Once these three conditions are met, Younger abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain." *Buck*, 244 F. App'x at 197 (citing *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003)).

As set forth above, Plaintiff's criminal proceedings are currently on appeal. Therefore, it appears that the first and second conditions for *Younger* abstention would be met because Kansas undoubtedly has an important interest in enforcing its criminal laws through criminal proceedings in the state's courts. *In re Troff*, 488 F.3d 1237, 1240 (10th Cir. 2007) ("[S]tate control over criminal justice [is] a lynchpin in the unique balance of interests" described as "Our Federalism.") (citing *Younger*, 401 U.S. at 44). Likewise, the third condition would be met because Kansas courts provide Plaintiff with an adequate forum to litigate his constitutional claims by way of pretrial proceedings, trial, and direct appeal after conviction and sentence, as well as post-conviction remedies. *See Capps v. Sullivan*, 13 F.3d 350, 354 n.2 (10th Cir. 1993) ("[F]ederal courts should abstain from the exercise of . . . jurisdiction if the issues raised . . . may be resolved either by trial on the merits in the state court or by other [available] state procedures.") (quotation omitted); *see Robb v. Connolly*, 111 U.S. 624, 637 (1984) (state courts have obligation 'to guard, enforce, and protect every right granted or secured by the constitution of the United States . . . .'"); *Steffel v. Thompson*, 415 U.S. 452, 460–61 (1974) (pendant state proceeding, in all but unusual

cases, would provide federal plaintiff with necessary vehicle for vindicating constitutional rights). "[T]he *Younger* doctrine extends to federal claims for monetary relief when a judgment for the plaintiff would have preclusive effects on a pending state-court proceeding." *D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004).

In addition, any challenge to the validity of his sentence in his state criminal case must be presented in habeas corpus. "[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, *but not to the fact or length of his custody.*" *Preiser v. Rodriguez,* 411 U.S. 475, 499 (1973) (emphasis added). When the legality of a confinement is challenged so that the remedy would be release or a speedier release, the case must be filed as a habeas corpus proceeding rather than under 42 U.S.C. § 1983, and the plaintiff must comply with the exhaustion of state court remedies requirement. *Heck v. Humphrey*, 512 U.S. 477, 482 (1994); *see also Montez v. McKinna,* 208 F.3d 862, 866 (10th Cir. 2000) (exhaustion of state court remedies is required by prisoner seeking habeas corpus relief); *see* 28 U.S.C. § 2254(b)(1)(A) (requiring exhaustion of available state court remedies). "Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *see Woodford v. Ngo*, 548 U.S. 81, 92 (2006); *Rose v. Lundy*, 455 U.S. 509, 518–19 (1982). Therefore, any claim challenging his state sentence is not cognizable in a § 1983 action.

Likewise, before Plaintiff may proceed in a federal civil action for monetary damages based upon an invalid conviction or sentence, he must show that his conviction or sentence has been overturned, reversed, or otherwise called into question. *Heck*, 512 U.S. 477. If Plaintiff has

been convicted and a judgment on Plaintiff's claim in this case would necessarily imply the invalidity of that conviction, the claim may be barred by *Heck*.  In *Heck v. Humphrey*, the United States Supreme Court held that when a state prisoner seeks damages in a § 1983 action, the district court must consider the following:

> whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id*. at 487.  In *Heck*, the Supreme Court held that a § 1983 damages claim that necessarily implicates the validity of the plaintiff's conviction or sentence is not cognizable unless and until the conviction or sentence is overturned, either on appeal, in a collateral proceeding, or by executive order.  *Id*. at 486–87.  Plaintiff has not alleged that the conviction or sentence has been invalidated, and it is currently pending on appeal.

The Court found in the MOSC that Plaintiff's claims regarding the conditions of confinement at the JCADC are barred by the statute of limitations.[2]  The Court found in the MOSC that even if Plaintiff's claims are not barred by the statute of limitations, he fails to state a valid claim for relief.  The Court found that:  Plaintiff failed to allege that the restrictions at the JCADC are not reasonably related to the institution's interest in maintaining jail security and management; Plaintiff failed to allege that other inmates were similarly situated in every material respect; and Plaintiff failed to allege a conspiracy or to assert factual allegations in support of a conspiracy claim, and failed to provide any factual information whatsoever to demonstrate any type of agreement was made between anyone.

---

[2]  *See Lee v. Reed*, 2016 WL 3855527, at *2 (D. Kan. 2016) (stating that the statute of limitations for plaintiff's § 1983 claim is two years, and "[f]or Plaintiff's state claim alleging intentional infliction of emotional distress, the applicable statute of limitations is also two years") (citing *Hallam v. Mercy Health Ctr. of Manhattan, Inc.*, 97 P.3d 492 (Kan. 2004) (citing K.S.A. 2003 Supp. 60-513(a)(4))).

Plaintiff's response fails to show good cause why his Complaint should not be dismissed for the reasons set forth in the Court's MOSC.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.[3]

**IT IS SO ORDERED**.

**Dated September 5, 2025, in Kansas City, Kansas.**

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE

---

[3] A dismissal as time-barred is for failure to state a claim and is a strike. *Smith v. Veterans Admin.*, 636 F.3d 1306, 1313 (10th Cir. 2011).