IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL BALANCE,

      Plaintiff,

v.                                                    CASE NO. 25-3089-JWL

JOHNSON COUNTY, KANSAS,
BOARD OF COMMISSIONERS,
et al.,

      Defendants.

**MEMORANDUM AND ORDER**

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Although Plaintiff is currently incarcerated at the Lansing Correctional Facility in Lansing, Kansas, his claims are based on his detention at the Johnson County Adult Detention Center in Olathe, Kansas ("JCADC"). The Court granted Plaintiff leave to proceed in forma pauperis. On June 2, 2025, the Court entered a Memorandum and Order to Show Cause (Doc. 5) ("MOSC") ordering Plaintiff to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. Plaintiff filed a response (Doc. 8), and on September 5, 2025, the Court entered a Memorandum and Order (Doc. 9) ("M&O) dismissing this case for failure to state a claim. This matter is before the Court on Plaintiff's Motion to Alter or Amend Judgment (Doc. 11). Because Plaintiff's motion was filed within 28 days after the entry of the order, the Court will treat it as a motion under Rule 59. *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

A motion to alter or amend under Fed. R. Civ. P. 59(e) may be granted when "the court has misapprehended the facts, a party's position, or the controlling law." *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (citing *Servants of the Paraclete v. Does*, 204

1

F.3d 1005, 1012 (10th Cir. 2000)). A motion to alter or amend judgment pursuant to Rule 59(e) may be granted only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Motions to alter and amend are "not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Nelson*, 921 F.3d at 929 (quoting *Servants of the Paraclete*, 204 F.3d at 1012). "[O]nce the district court enters judgment, the public gains a strong interest in protecting the finality of judgments." *Id.* at 929 (citation omitted). Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. *See Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006); *Zucker v. City of Farmington Hills*, 643 F. App'x 555, 562 (6th Cir. 2016) (relief under R. 59(e) is rare).

The Court found that Plaintiff's claims were barred by the statute of limitations. The statute of limitations applicable to § 1983 actions is determined from looking at the appropriate state statute of limitations and tolling principles.[1] *See Hardin v. Straub*, 490 U.S. 536, 539 (1989). "The forum state's statute of limitations for personal injury actions governs civil rights claims under both 42 U.S.C. § 1981 and § 1983. . . . In Kansas, that is the two-year statute of limitations in Kan.

---

[1] Although the Kansas Supreme Court tolled the state statutes of limitations in response to the COVID-19 pandemic, Plaintiff's claims are nevertheless untimely despite this tolling period. *See Korgan v. Estate of Hansen by and through Cramer*, 2022 WL 4465074, at *2–4 (D. Kan. Sept. 26, 2022) (finding that the statute of limitations was tolled from March 19, 2020 through April 14, 2021). The tolling or suspension is set forth in Kansas Supreme Court Administrative Order 2020-PR-016, as amended by Kansas Supreme Court Administrative Order 2020-PR-32. The AO reinstated the statute of limitations effective April 15, 2021.

Stat. Ann. § 60–513(a).” *Brown v. Unified Sch. Dist. 501, Topeka Pub. Sch.*, 465 F.3d 1184, 1188 (10th Cir. 2006) (citations omitted).

While state law governs the length of the limitations period and tolling issues, "the accrual date of a § 1983 cause of action is a question of federal law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Under federal law, the claim accrues "when the plaintiff has a complete and present cause of action." *Id.* (internal quotation marks and citation omitted). In other words, "[a] § 1983 action accrues when facts that would support a cause of action are or should be apparent." *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) (internal quotation marks and citation omitted), *cert. denied* 549 U.S. 1059 (2006). A district court may dismiss a complaint filed by an indigent plaintiff if it is patently clear from the allegations as tendered that the action is barred by the statute of limitations. *Id*. at 1258–59; *see also Jones v. Bock*, 549 U.S. 199, 214 (2007); *Hawkins v. Lemons*, No. 09-3116-SAC, 2009 WL 2475130, at *2 (D. Kan. Aug. 12, 2009).

The Court found that it plainly appears from the face of the Complaint that Plaintiff's claims are subject to dismissal as barred by the applicable two-year statute of limitations. Based on the Complaint, Plaintiff's alleged violations occurred around January to March of 2019. Plaintiff filed his Complaint on May 7, 2025. Even using Plaintiff's August 2021 date, his claims are still barred by the statute of limitations.

Plaintiff seeks to alter or amend the Court's judgment, suggesting that his conditions should provide for equitable tolling because he "was held under restrictive conditions where access to the law library and visitors were further curtailed." (Doc. 11, at 3.) Plaintiff argues that he was unable to submit a grievance because inmates are required to submit them electronically on the kiosk and he "was unable to complete a grievance using the kiosk due to several impediments such as typing proficiency and limited time allotted to use the kiosk (1 to 2 hours) which had to be shared with

3

10 other inmates." *Id*. Plaintiff also alleges that his conditions made it difficult to conduct legal research. *Id*. Plaintiff argues that "equitable tolling applies where a defendant has acted or withheld material knowledge to induce a delay in filing a cause of action," citing *Friends University v. W.R. Grace & Co.*, 608 P.2d 936, 941 (Kan. 1980). *Id*. Plaintiff argues that the purpose of equitable tolling "is to soften the harsh impact of technical rules which might prevent a good faith litigant . . . from having a day in court." *Id*. However, the Kansas Supreme Court held in *Friends* that the action was time-barred, finding that to invoke the doctrine of estoppel, the "debtor or defendant must have done something that amounted to an affirmative inducement to plaintiff to delay bringing the action." *Id*.

Although Plaintiff argues that it was difficult for him to conduct research or to file grievances, nothing suggests that he was prevented from doing so, or that Defendants affirmatively induced a delay in filing. Plaintiff waited at least four years to file this case. He acknowledges that he was released from the JCADC in January 2024, yet he did not file this action until May 7, 2025.

The Kansas Court of Appeals has suggested in unpublished decisions that the two-year statute of limitations period can be equitably tolled if a plaintiff "has been pursuing his or her rights diligently and some 'extraordinary circumstance stood in [the] way and prevented timely filing.'" *Caballero v. Wyandotte Cty. Sheriff's Dep't*, 789 F. App'x 684, 686 (10th Cir. 2019) (unpublished) (citing *McClain v. Roberts*, –– Kan.App. ––––, 304 P.3d 364, 2013 WL 3970215, at *3 (Kan. Ct. App. Aug. 2, 2013) (unpublished) (alteration in *McClain*) (quoting *McQuiggin v. Perkins*, 569 U.S. 383, 391, 133 S.Ct. 1924, 185 L.Ed.2d 1019 (2013)); *see also Harris v. Neill*, –– Kan.App. ––––, 216 P.3d 191, 2009 WL 3082642, at *6 (Kan. Ct. App. Sept. 25, 2009) (unpublished)).

4

Neither pro se status nor a misunderstanding of law and legal procedure are sufficient to establish extraordinary circumstances. "[I]t is well established that ignorance of the law, even for an incarcerated pro se [plaintiff], generally does not excuse prompt filing." *Caballero*, 789 F. App'x at 687 (citing *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (internal quotation marks omitted); *see also McClain*, 2013 WL 3970215, at *3 ("[I]gnorance of the law doesn't entitle a person to equitable tolling of the limitations period.")). Plaintiff has not shown that he was pursuing his rights diligently or that some extraordinary circumstance prevented him from timely filing.

Plaintiff has failed to show that his difficulties in researching and filing grievances warrants equitable tolling. He acknowledges that he had access to the kiosk and the law library. Although that access was limited and his typing proficiency was limited, nothing suggests he was prevented from filing this action during the limitations period. *See, e.g., Watkins v. Craft*, 455 F. App'x 853, 856 (10th Cir. 2012) (unpublished) (finding plaintiff "failed to provide sufficient specificity about (1) his alleged lack of access to writing and legal research materials during his time in West Virginia; and (2) how the alleged lack of access affected his ability to file a timely § 1983 complaint") (citing *Young,* 554 F.3d at 1258–59 (holding that prisoner failed to state a claim for equitable tolling where prisoner failed to provide sufficient specificity about his alleged lack of access to a law library and his attempts to diligently pursue his claims)).

During this same timeframe, Plaintiff was able to file pleadings in his state criminal proceedings. *See State v. Balance*, Case No. 21CR01333 (District Court of Johnson County, Kansas). On March 28, 2023, he filed a pro se motion to move forward as self-represented. *See id*. On April 6, 2023, he filed a pro se motion to dismiss. *Id*. On May 11, 2023, he filed a response. *Id*. Plaintiff filed another pro se motion to dismiss on June 28, 2023. *Id*. Plaintiff filed a motion

for relief on August 1, 2023, and a motion to quash on August 9, 2023. *Id*. On September 14, 2023, Plaintiff filed a motion for B.I.D.S. funding. *Id*. Plaintiff chose to proceed pro se in his state criminal case and continued to file pleadings until an appellate defender was appointed on February 20, 2024. *Id*.

In *Keith v. Koerner*, the Tenth Circuit addressed whether the plaintiff had access to the court such that the tolling provision in K.S.A. § 60-515(a) did not apply.[2] *Keith v. Koerner*, 843 F.3d 833, 851 (10th Cir. 2016) (noting that the statute does not apply to an incarcerated person who has court access). In addressing an argument that the plaintiff had filed various motions in state court, the Tenth Circuit stated that "as a matter of law, if this evidence were considered in isolation, it may have established sufficient access to the court." *Id*. (citing *see, e.g.*, *Cameron*, 43 F.3d at *1 ("Mr. Cameron contends that his claim for alleged constitutional violations . . . is not time-barred because the statute of limitations is tolled pursuant to section 60-515(a). He argues that administrative segregation denies him access to the courts. We are not persuaded. The very filing of this claim undermines his argument."); *Williams v. Olathe, Kan. Police Dep't*, 945 F.2d 412, at *2 (10th Cir. 1991) (unpublished) (holding plaintiff had access to the court as of the date he filed a complaint in an unrelated case while incarcerated); *Ventris v. Kansas*, No. 11–3013–SAC, 2012 WL 4933324, at *7 (D. Kan. Oct. 16, 2012) (unpublished) (holding that tolling provision did not apply where plaintiff had access to a law library and filed documents, thus "illustrating his access to the courts"); *Brown v. Gray*, No. 06–3003–JTM, 2011 WL 1097766, at *4 (D. Kan. Mar. 22, 2011) ("Plaintiff was able to file suit to bring this action and he has filed several other motions and documents during the course of this litigation. His ability to file suit and

---

[2] K.S.A. § 60-515(a) provides tolling for persons under a legal disability, and states that "[n]otwithstanding the foregoing provision, if a person imprisoned for any term has access to the court for purposes of bringing an action, such person shall not be deemed under legal disability." K.S.A. § 60-515(a).

to file pleadings with this court dooms his legal disability argument.")).  Plaintiff's state court filings show that he had sufficient court access.

Plaintiff also argues that he has obtained newly discovered evidence which could not have been previously obtained through the exercise of due diligence.  (Doc. 11, at 1.)  Plaintiff states that he "can present, and hopefully obtain, newly discovered evidence material to [his] claims." *Id*. at 8.  Plaintiff then references a motion for summary judgment that was filed in another inmate's case (Case No. 25-3093) and denied on June 2, 2025.  *Id*. at 8–9.  Plaintiff argues that the Court has access to the filings and therefore Plaintiff should be allowed to present this "newly discovered evidence." *Id*. at 9.

It appears that Plaintiff's Complaint contains the same claims as the complaint filed in Case No. 25-3093.  The complaint in the *Johnson* case raises the same claims and relies on the same affidavit of inmate Rasheed Malak Graves-Early.  *See Johnson v. Johnson Cty. Bd. of Comm'rs*, Case No. 25-3093, at Doc. 1–1 (D. Kan.).  The motion for summary judgment filed in the *Johnson* case was denied because the case was subject to dismissal and the defendants had not been served. *Id*. at Doc. 5.  The *Johnson* case was dismissed on August 7, 2025.  *Id*. at Doc. 9.  A denied summary judgment motion filed in another case does not present "newly discovered evidence" warranting relief from this Court's judgment in this case.

Plaintiff also argues that the Court misapplied the doctrine of continuing violations and tolling rules.  (Doc. 11, at 2.)  Plaintiff alleges that the January 2019 date is erroneous, and he was assigned to supermax in August of 2021.  *Id*.  Plaintiff alleges that he was confined under the same conditions until his release in January 2024.  *Id*.  Plaintiff cites *Kelly v. Schnurr*, for the proposition

7

that where a tort involves a continuing or repeated injury, the cause of action accrues from the date of the last injury. *Id*. (citing *Kelly v. Schnurr*, 89 F.3d 1423, 1430 (10th Cir. 1996)).[3]

The decision in *Kelly v. Schnurr* was relied on in this Court's M&O. The cite in Plaintiff's motion is for *Tiberi v. Cigna Corp.*, 89 F.3d 1423 (10th Cir. 1996). The *Tiberi* case dealt with the doctrine of equitable estoppel precluding a party from asserting a statute of limitations defense when another party has relied to his detriment upon the acts or conduct of the first party "and when asserting that [defense] would prejudice the other who has acted thereon in reliance." *Id*. at 1429. In this case, Plaintiff merely alleges that his conditions made it harder for him to file his grievances and conduct research. He does not suggest that the Defendants took actions to prevent Plaintiff from filing this action. In another case dealing with security classifications, the Tenth Circuit held that the holding in *Tiberi* "is inapposite, however, as that case concerned a situation in which a party's affirmative concealment of information prevented the plaintiff from pursuing a claim." *Trobaugh v. United States*, 35 F. App'x 812, 816 (10th Cir. 2002) (unpublished); *see also Fogle v. Slack*, 419 F. App'x 860, 864–65 (10th Cir. 2011) (finding it inappropriate to aggregate all segregation decisions into one continuing violation for limitations purposes) (unpublished) .

Plaintiff argues that he is entitled to tolling based on the continuing injury doctrine. However, the Court found in the M&O that because "the injury in a § 1983 case is the violation of a constitutional right . . ., such claims accrue 'when the plaintiff knows or should know that his or her constitutional rights have been violated.'" *Smith v. City of Enid*, 149 F.3d 1151, 1154 (10th Cir. 1998) (citations omitted); *see also Romero v. Lander*, 461 F. App'x 661, 667 (10th Cir. 2012) (unpublished) (noting that all the constitutional claims asserted by plaintiff relate to his classification and the requirements associated with that classification, he knew of these injuries at

---

[3] The remainder of Plaintiff's motion argues the merits of his claims. *Id*. at 3–8.

the time he was classified, and "his constitutional claims based on those injuries accrued at that time").

Any argument that a plaintiff "lacked knowledge of the future impact of his classification," ignores Tenth Circuit precedent holding that "[a] plaintiff need *not* know the *full extent* of his injuries before the statute of limitations begins to run." *Romero*, 461 F. App'x at 669 (quoting *Indus. Constructors Corp. v. United States Bureau of Reclamation*, 15 F.3d 963, 969 (10th Cir. 1994) (emphasis added)). "[O]nce a plaintiff knows of his injury, his 'belie[f] [that] the injury was only temporary is irrelevant' to the determination of when his claim accrued." *Id*. (quoting *Robbins v. United States*, 624 F.2d 971, 973 (10th Cir. 1980)). Furthermore, the continuing violation doctrine "cannot be employed where the plaintiff's injury is definite and discoverable, and nothing prevented the plaintiff from coming forward to seek redress." *Kelly v. Schnurr*, 2024 WL 4235123, at *2 (10th Cir. 2024) (unpublished) (citation omitted).

"While the statute of limitations is an affirmative defense, when the dates given in the complaint make clear that the right sued upon has been extinguished, the plaintiff has the burden of establishing a factual basis for tolling the statute." *Cash v. City of Durant*, 2024 WL 1573947, at *3 (10th Cir. 2024) (unpublished) (citing *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980)). Plaintiff has not alleged facts suggesting that he would be entitled to statutory or equitable tolling.

Plaintiff does not meet the exacting standard for relief under Fed. R. Civ. P. 59(e). In sum, Plaintiff has failed to meet the standard required for this Court to alter or amend its September 5, 2025 Order and Judgment, and that ruling stands.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Alter or Amend Judgment (Doc. 11) is **denied.**

**IT IS SO ORDERED**.

**Dated September 23, 2025, in Kansas City, Kansas.**

<div style="text-align: right;">

**S/  John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**

</div>